1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CLARK ROBINSON,                          No.  2:16-cv-1012 TLN GGH P

12                 Petitioner,

13          v.                                 FINDINGS AND RECOMMENDATIONS

14   D. ASUNCION,

15                 Respondent.

16

17          Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application

18   for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the court is petitioner's motion

19   to set aside the judgment, pursuant to Fed. R. Civ. P. 60(b)(2).

20          By findings and recommendations and order, the petition was found to be successive to an

21   earlier application attacking the conviction and sentence challenged in this case.  (ECF Nos. 4, 7.)

22   The petition was dismissed without prejudice to its re-filing upon obtaining authorization from

23   the United States Court of Appeals for the Ninth Circuit.  The previous application was filed on

24   August 5, 2010, and was denied on the merits on May 7, 2012.  See Robinson v. Cate, No. 2:10-

25   cv-2089 LKK CHS.  In the findings and recommendations, petitioner was informed that before he

26   could proceed with the instant application, he must move in the United States Court of Appeals

27   for the Ninth Circuit for an order authorizing the district court to consider the application.  28

28   U.S.C. § 2244(b)(3).  Petitioner was advised that even if the instant petition raises new evidence

                                               1

1    and actual innocence, the Court of Appeals must nevertheless review it.  28 U.S.C. 2244(b)(3).

2           Petitioner's motion seeks to set aside the judgment on the basis that an exception to a

3    successive petition is one which contains new evidence, as his does.  In support he cites 28 U.S.C.

4    § 2244(b)(2)(B)(i)(ii).  Petitioner is correct that an exception to dismissal of a successive petition

5    is new evidence; however, this section is limited by subdivision (b)(3) which imposes a

6    procedural prerequisite, the filing of a motion in the Court of Appeals for an order authorizing the

7    district court to consider the application, based on the exceptions found in subdivision (b)(2)(B).

8           It has long been the rule that Rule 60 may not be used to avoid the prohibition against

9    second or successive petitions set forth in 28 U.S.C. § 2244(b).  Gonzalez v. Crosby, 545 U.S.

10   524, 531 (2005).  The current motion therefore represents a successive challenge to the same

11   2006 conviction at issue in the petition originally filed in this action, which has been found

12   successive by this court.  Accordingly, this court lacks jurisdiction to entertain the application

13   unless the Court of Appeals for the Ninth Circuit has authorized this court to do so.  See 28

14   U.S.C. § 2244(b)(3)(A).  See also, e.g., Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012)

15   ("A petitioner must obtain leave from the Court of Appeals in order to file a 'second or

16   successive' habeas petition with the district court.").  The current motion includes no information

17   to suggest that petitioner has sought or received permission from the Court of Appeals to file the

18   instant petition.  In fact, petitioner argues that such a requirement is erroneous.  (ECF No. 9 at 6.)

19   Therefore, petitioner's motion to set aside the judgment will be denied.  Petitioner may refile his

20   habeas application upon obtaining authorization from the United States Court of Appeals for the

21   Ninth Circuit.

22          Accordingly, IT IS HEREBY RECOMMENDED that: Petitioner's motion for relief from

23   judgment under Rule 60(b), filed July 11, 2016, (ECF No. 9), be denied.

24          These findings and recommendations are submitted to the United States District Judge

25   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

26   after being served with these findings and recommendations, petitioner may file written

27   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

28   Findings and Recommendations."  Petitioner is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 19, 2016

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Robi1012.60(b)

3